**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SONY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PACE PLC and PACE AMERICAS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Sony Corporation ("Sony") alleges as follows, with knowledge as to its own actions and upon information and belief as to the activities of others:

## PARTIES

1.     Plaintiff Sony is a corporation organized and existing under the laws of Japan with offices at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan.

2.     Upon information and belief, defendant Pace plc ("Pace plc") is a corporation organized and existing under the laws of the United Kingdom and having a principal place of business at Victoria Road, Saltaire, West Yorkshire, BD18 3LF, England.

3.     Upon information and belief, defendant Pace Americas, LLC ("Pace Americas") is a limited liability company organized and existing under the laws of the State of Delaware and having a principal place of business at 3701 FAU Boulevard, Suite 200, Boca Raton, Florida 33431.

4.      Upon information and belief, Pace plc and Pace Americas (collectively, "Pace"), themselves or through their agents or subsidiaries, manufacture, import, offer for sale and sell digital cable and satellite set-top boxes to distributors such as cable and satellite service providers who resell or otherwise provide those set-top boxes to consumers throughout the

United States, including in the State of Delaware. Among the digital cable and satellite set-top boxes that Pace sells, offers for sale, and/or imports are model numbers HR34-700 and RNG-200N.

5.    On information and belief, Pace plc and Pace Americas have been, and presently are, regularly doing business in the State of Delaware, and in this judicial district.

## JURISDICTION AND VENUE

6.    This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over Pace Americas because it is incorporated in Delaware, and has continuous, systematic, and substantial business contacts in this judicial district.

8.     This Court has personal jurisdiction over Pace plc because upon information and belief, it directly or indirectly sells, offers for sale, and/or imports digital cable and satellite set-top boxes in Delaware, and/or sells and offers for sale digital cable and satellite set-top boxes to cable and satellite service providers who Pace plc knows, or reasonably should know, are reselling or otherwise providing those set-top boxes to consumers in Delaware. Thus, Pace plc has continuous, systematic, and substantial business contacts in this judicial district.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and § 1400(b).

## SONY'S BUSINESS AND PATENTS

10.     Sony is one of the world's best known consumer electronics companies, renowned for its innovative and high-quality products which result from Sony's substantial investments in technology research and development.

11.     United States Patent No. 6,084,643 ("the '643 patent"), entitled "Receiving Equipment and Method of Using the Same," was duly and legally issued on July 4, 2000 naming Yuriko Kishtaka, Tetsuya Kohno, Naoki Kigawa, Toshiro Ozawa, Mika Ito, and Kazuhiro Akaike as inventors, and is in full force and effect. A true and correct copy of the '643 patent is attached as Exhibit A.

12.     United States Patent No. 6,467,093 ("the '093 patent"), entitled "Method and Apparatus for Receiving Digital Broadcasts," was duly and legally issued on October 15, 2002 naming Hajime Inoue, Noriyuki Yamamoto, Sadaharu Sato, and Takehiko Nakano as inventors, and is in full force and effect.  A true and correct copy of the '093 patent is attached as Exhibit B.

13.     United States Patent No. 8,032,919 ("the '919 patent"), entitled "Method and Apparatus for Receiving Digital Broadcasts," was duly and legally issued on October 4, 2011 naming Hajime Inoue, Noriyuki Yamamoto, Sadaharu Sato, and Takehiko Nakano as inventors, and is in full force and effect.  A true and correct copy of the '919 patent is attached as Exhibit C.

14.     United States Patent No. 6,097,676 ("the '676 patent"), entitled "Information Recording Medium and Reproducing Device Therefor with Codes Representing the Software Category and Channels of Recorded Data," was duly and legally issued on August 1, 2000

naming Yasushi Fujinami as inventor, and is in full force and effect.  A true and correct copy of the '676 patent is attached as Exhibit D.

15.     United States Patent No. 7,733,295 ("the '295 patent"), entitled "Bi-Directional Communication System, Display Apparatus, Base Apparatus and Bi-Directional Communication Method," duly and legally issued on June 8, 2010 naming Mami Uchida, Ayumi Mizobuchi, and Kasumi Takeda as inventors, and is in full force and effect.  A true and correct copy of the '295 patent is attached as Exhibit E.

16.     United States Reissued Patent No. RE38,898 ("the '898 patent"), entitled "Video Data Bus Communication System and Method," duly and legally issued on November 29, 2005 naming Junichi Tsukamoto, Koichi Goto, and Shinichi Fukushima as inventors, and is in full force and effect.  A true and correct copy of the '898 patent is attached as Exhibit F.

17.     Sony is the owner by assignment of all rights, title, and interest in and to the '643 patent, the '093 patent, the '919 patent, the '676 patent, the '295 patent, and the '898 patent and possesses all rights of recovery thereunder, including the right to sue for infringement and recover past damages.

18.     At least as early as June 5, 2012, Sony provided via letter actual notice to Pace of the '643 and '898 patents and their applicability to Pace's set-top box products.  At least as early as July 9, 2012, Sony provided via a presentation actual notice of the '919 patent and that it was relevant to Pace's set-top box products.  Pace received actual notice of the '093 patent and its applicability to Pace's set-top box products via claim charts provided on or about July 26, 2012.  Pace received actual or constructive notice of the '676 and '295 patents no later than the filing of this complaint.

## COUNT I

## PATENT INFRINGEMENT
### (Infringement of the '643 Patent)

19.     Sony repeats and realleges the allegations of paragraphs 1 through 18 as if set forth herein.

20.     Pace has directly infringed and continues to infringe one or more claims of the '643 patent by its manufacture, use, sale, importation, and/or offer for sale of certain set-top boxes, including but not limited to HR34-700 in violation of 35 U.S.C. § 271(a).

21.     Pace has induced, and is inducing, the direct infringement of one or more claims of the '643 patent by selling, providing support for, and/or providing instructions for the intended use of certain set-top boxes, including but not limited to HR34-700 in violation of 35 U.S.C. § 271(b).

22.     Pace specifically intends third parties to infringe the '643 patent, or alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.  For example, Pace induces infringement by continuing to disseminate products with the infringing functionality, and by providing instructions to show its direct and indirect customers how to use its set-top boxes in an infringing matter, and producing or disseminating promotional and marketing materials, supporting materials, and technical information related to at least set-top box HR34-700.  For example, Pace's actions that actively induce customers to directly infringe the '643 patent include selling its set-top boxes, providing user manuals regarding the use of its set-top boxes, and providing technical support regarding the use of its set-top boxes, where the use of its set-top boxes during normal operation by Pace's direct and indirect customers infringes the '643 patent, at least by displaying the channel numbers being switched without displaying a channel selection.

23.     Pace has contributorily infringed, and is contributorily infringing, one or more claims of the '643 patent by selling certain set-top boxes, including but not limited to HR34-700, to third parties and their customers in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).  For example, Pace's set-top boxes constitute a material part of the claimed invention at least because they contain all of the components that allow them to display the channel numbers being switched without displaying a channel selection.  Pace's set-top boxes were made or especially adapted for use in an infringement of the '643 patent and have no substantial non-infringing uses at least because they contain components that allow them to display the channel numbers being switched without displaying a channel selection.  The use of Pace's set-top boxes by its direct and indirect customers during normal operation directly infringes the '643 patent.

24.     Pace is aware of the '643 patent and Sony's infringement allegations.  For example, by a letter dated June 5, 2012, Sony notified Pace of the '643 patent and Pace's infringement of that patent.  On or about July 26, 2012, Sony provided to Pace a detailed claim chart setting forth specifically how Pace's products meet the limitations of certain claims of the '643 patent.

25.     Since at least as early as June 5, 2012, Pace's infringement has been willful pursuant to 35 U.S.C. § 284.  Despite Pace's knowledge of and notice of the '643 patent and its infringement, Pace has continued to manufacture, use, sell, offer for sale, and/or import set-top boxes that infringe the '643 patent, and has continued to produce and disseminate promotional and marketing materials, supporting materials, instructions, and/or technical information related

to the infringing aspects of these set-top boxes.  Pace lacks a justifiable belief that it does not

infringe the '643 patent, or that the '643 patent is invalid, and has acted with objective

recklessness in its infringing activity.

26.     Pace's acts of infringement have caused Sony to sustain monetary damage, loss

and injury, in an amount to be determined at trial.

27.     Pace's acts of infringement, unless enjoined by this Court, will continue to cause

Sony to sustain irreparable damage, loss and injury, for which Sony has no adequate remedy at

law.

**COUNT II**

**PATENT INFRINGEMENT**
**(Infringement of the '093 Patent)**

28.     Sony repeats and realleges the allegations of paragraphs 1 through 18 as if set

forth herein.

29.     Pace has directly infringed and continues to infringe one or more claims of the

'093 patent by its manufacture, use, sale, importation, and/or offer for sale of certain set-top

boxes, including but not limited to HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(a).

30.     Pace has induced, and is inducing, the direct infringement of one or more claims

of the '093 patent by selling, providing support for, and/or providing instructions for the intended

use of at least set-top boxes HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(b).

31.     Pace specifically intends third parties to infringe the '093 patent, or alternatively,

has been willfully blind to the possibility that its inducing acts would cause infringement.  For

example, Pace induces infringement by continuing to disseminate products with the infringing

functions, by providing instructions to show its direct and indirect customers how to use its set-

top boxes in an infringing matter, and producing or disseminating promotional and marketing

materials, supporting materials, and technical information related to its set-top boxes. For example, Pace's actions that actively induce customers to directly infringe the '093 patent include selling its set-top boxes, providing user manuals regarding the use of its set-top boxes, and providing technical support regarding the use of its set-top boxes, where the use of its set-top boxes during normal operation by Pace's direct and indirect customers infringes the '093 patent, at least by outputting both compressed data and decompressed data to a digital external unit.

32.    Pace has contributorily infringed, and is contributorily infringing, one or more claims of the '093 patent by selling at least set-top boxes HR34-700 and RNG-200N to third parties and their customers in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, and are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). For example, Pace's set-top boxes constitute a material part of the claimed invention at least because they contain all of the components that allow them to output both compressed data and decompressed data to a digital external unit.  Pace's set-top boxes were made or especially adapted for use in an infringement of the '093 patent and have no substantial non-infringing uses at least because they contain components that allow them to output both compressed data and decompressed data to a digital external unit.  The use of Pace's set-top boxes by its direct and indirect customers during normal operation directly infringes the '093 patent.

33.    Pace is aware of the '093 patent and Sony's infringement allegations.  For example, on or about July 26, 2012, Sony provided to Pace a detailed claim chart setting forth specifically how Pace's products meet the limitations of certain claims of the '093 patent.

34.     Since at least as early as July 26, 2012, Pace's infringement has been willful pursuant to 35 U.S.C. § 284.  Despite Pace's knowledge of and notice of the '093 patent and its infringement, Pace has continued to manufacture, use, sell, offer for sale, and/or import set-top boxes that infringe the '093 patent, and has continued to produce and disseminate promotional and marketing materials, supporting materials, instructions, and/or technical information related to the infringing aspects of these set-top boxes.  Pace lacks a justifiable belief that it does not infringe the '093 patent, or that the '093 patent is invalid, and has acted with objective recklessness in its infringing activity.

35.     Pace's acts of infringement have caused Sony to sustain monetary damage, loss and injury, in an amount to be determined at trial.

36.     Pace's acts of infringement, unless enjoined by this Court, will continue to cause Sony to sustain irreparable damage, loss and injury, for which Sony has no adequate remedy at law.

## COUNT III

### PATENT INFRINGEMENT
### (Infringement of the '919 Patent)

37.     Sony repeats and realleges the allegations of paragraphs 1 through 18 as if set forth herein.

38.     Pace has directly infringed and continues to infringe one or more claims of the '919 patent by its manufacture, use, sale, importation, and/or offer for sale of certain set-top boxes, including but not limited to HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(a).

39.     Pace has induced, and is inducing, the direct infringement of one or more claims of the '919 patent by selling, providing support for, and/or providing instructions for the intended use of at least set-top boxes HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(b).

40.     Pace specifically intends third parties to infringe the '919 patent, or alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.  For example, Pace induces infringement by continuing to disseminate products with the infringing functions, and by providing instructions to show its direct and indirect customers how to use its set-top boxes in an infringing matter, and producing or disseminating promotional and marketing materials, supporting materials, and technical information related to its set-top boxes. For example, Pace's actions that actively induce customers to directly infringe the '919 patent include selling its set-top boxes, providing user manuals regarding the use of its set-top boxes, and providing technical support regarding the use of its set-top boxes, where the use of its set-top boxes during normal operation by Pace's direct and indirect customers infringes the '919 patent, at least by outputting both compressed data and decompressed data to a digital external unit.

41.     Pace has contributorily infringed, and is contributorily infringing, one or more claims of the '919 patent by selling at least set-top boxes HR34-700 and RNG-200N to third parties and their customers in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). For example, Pace's set-top boxes constitute a material part of the claimed invention at least because they contain all of the components that allow them to output both compressed data and decompressed data to a digital external unit.  Pace's set-top boxes were made or especially adapted for use in an infringement of the '919 patent and have no substantial non-infringing uses at least because they contain components that allow them to output both compressed data and decompressed data to a digital external unit.  The use of Pace's set-top

boxes by its direct and indirect customers during normal operation directly infringes the '919 patent.

42.     Pace is aware of the '919 patent and Sony's infringement allegations.  For example, Sony notified Pace of the '919 patent and that it was relevant to Pace's set-top boxes in a presentation dated July 9, 2012, which was sent via E-mail from Jaime Siegel of Sony Corporation of America to Paul Entwistle and Jane Connor of Pace on July 12, 2012.

43.     Since at least as early as July 9, 2012, Pace's infringement has been willful pursuant to 35 U.S.C. § 284.  Despite Pace's knowledge of and notice of the '919 patent and its infringement, Pace has continued to manufacture, use, sell, offer for sale, and/or import set-top boxes that infringe the '919 patent, and has continued to produce and disseminate promotional and marketing materials, supporting materials, instructions, and/or technical information related to the infringing aspects of these set-top boxes.  Pace lacks a justifiable belief that it does not infringe the '919 patent, or that the '919 patent is invalid, and has acted with objective recklessness in its infringing activity.

44.     Pace's acts of infringement have caused Sony to sustain monetary damage, loss and injury, in an amount to be determined at trial.

45.     Pace's acts of infringement, unless enjoined by this Court, will continue to cause Sony to sustain irreparable damage, loss and injury, for which Sony has no adequate remedy at law.

## COUNT IV

### PATENT INFRINGEMENT
### (Infringement of the '676 Patent)

46.     Sony repeats and realleges the allegations of paragraphs 1 through 18 as if set forth herein.

47.     Pace has infringed and continues to infringe one or more claims of the '676 patent by its manufacture, use, sale, importation, and/or offer for sale of certain set-top boxes, including but not limited to HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(a).

48.     Pace has induced, and is inducing, the direct infringement of one or more claims of the '676 patent by selling, providing support for, and/or providing instructions for the intended use of at least set-top boxes HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(b).

49.     Pace specifically intends third parties to infringe the '676 patent, or alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.  For example, Pace induces infringement by continuing to disseminate products with the infringing functions, and by providing instructions to show its direct and indirect customers how to use at least set-top boxes HR34-700 and RNG-200N in an infringing matter, and producing or disseminating promotional and marketing materials, supporting materials, and technical information related to its set-top boxes. For example, Pace's actions that actively induce customers to directly infringe the '676 patent include selling its set-top boxes, providing user manuals regarding the use of its set-top boxes, and providing technical support regarding the use of its set-top boxes, where the use of its set-top boxes during normal operation by Pace's direct and indirect customers infringes the '676 patent, at least by reproducing audio data of a channel designated by a default value.

50.     Pace has contributorily infringed, and is contributorily infringing, one or more claims of the '676 patent by selling at least set-top boxes HR34-700 and RNG-200N to third parties and their customers in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of

35 U.S.C. § 271(c).  For example, Pace's set-top boxes constitute a material part of the claimed invention at least because they contain all of the components that allow them to reproduce audio data of a channel designated by a default value.  Pace's set-top boxes were made or especially adapted for use in an infringement of the '676 patent and have no substantial non-infringing uses at least because they contain components that allow them to reproduce audio data of a channel designated by a default value.  The use of Pace's set-top boxes by Pace's direct and indirect customers during normal operation directly infringes the '676 patent.

51.     Pace is aware of the '676 patent and Sony's infringement allegations.  For example, by filing this complaint, Sony notified Pace of the '676 patent and Pace's infringement of that patent.

52.     Since at least as early as the filing of this complaint, Pace's infringement has been willful pursuant to 35 U.S.C. § 284.  Despite Pace's knowledge of and notice of the '676 patent and its infringement, Pace has continued to manufacture, use, sell, offer for sale, and/or import set-top boxes that infringe the '676 patent, and has continued to produce and disseminate promotional and marketing materials, supporting materials, instructions, and/or technical information related to the infringing aspects of these set-top boxes.  Pace lacks a justifiable belief that it does not infringe the '676 patent, or that the '676 patent is invalid, and has acted with objective recklessness in its infringing activity.

53.     Pace's acts of infringement have caused Sony to sustain monetary damage, loss and injury, in an amount to be determined at trial.

54.     Pace's acts of infringement, unless enjoined by this Court, will continue to cause Sony to sustain irreparable damage, loss and injury, for which Sony has no adequate remedy at law.

## COUNT V

## PATENT INFRINGEMENT
### (Infringement of the '295 Patent)

55.     Sony repeats and realleges the allegations of paragraphs 1 through 18 as if set forth herein.

56.     Pace has directly infringed and continues to infringe one or more claims of the '295 patent by its manufacture, use, sale, importation, and/or offer for sale of certain set-top boxes, including but not limited to HR34-700 in violation of 35 U.S.C. § 271(a).

57.     Pace has induced, and is inducing, the direct infringement of one or more claims of the '295 patent by selling, providing support for, and/or providing instructions for the intended use of at least set-top box HR34-700 in violation of 35 U.S.C. § 271(b).

58.     Pace specifically intends third parties to infringe the '295 patent, or alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.  For example, Pace induces infringement by continuing to disseminate products with the infringing functions, and by providing instructions to show its direct and indirect customers how to use its set-top boxes in an infringing matter, and producing or disseminating promotional and marketing materials, supporting materials, and technical information related to its set-top boxes.  For example, Pace's actions that actively induce customers to directly infringe the '295 patent include selling its set-top boxes, providing user manuals regarding the use of its set-top boxes, and providing technical support regarding the use of its set-top boxes, where the use of its set-top boxes during normal operation by Pace's direct and indirect customers infringes the '295 patent, at least by storing identifying information that identifies at least the television signal received immediately prior to a power interruption to supply to a display device the television signal identified by the stored identifying information upon resumption of the power.

59.     Pace has contributorily infringed, and is contributorily infringing, one or more claims of the '295 patent by selling at least set-top box HR34-700 to third parties and their customers in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).  For example, Pace's set-top boxes constitute a material part of the claimed invention at least because they contain all of the components that allow them to store identifying information that identifies at least the television signal received immediately prior to a power interruption to supply to a display device the television signal identified by the stored identifying information upon resumption of the power.  Pace's set-top boxes were made or especially adapted for use in an infringement of the '295 patent and have no substantial non-infringing uses at least because they contain components that allow them to store identifying information that identifies at least the television signal received immediately prior to a power interruption to supply to a display device the television signal identified by the stored identifying information upon resumption of the power.  The use of Pace's set-top boxes by its direct and indirect customers during normal operation directly infringes the '295 patent.

60.     Pace is aware of the '295 patent and Sony's infringement allegations.  For example, by filing this complaint, Sony notified Pace of the '295 patent and Pace's infringement of that patent.

61.     Since at least as early as the filing of this complaint, Pace's infringement has been willful pursuant to 35 U.S.C. § 284.  Despite Pace's knowledge of and notice of the '295 patent and its infringement, Pace has continued to manufacture, use, sell, offer for sale, and/or import set-top boxes that infringe the '295 patent, and has continued to produce and disseminate

promotional and marketing materials, supporting materials, instructions, and/or technical information related to the infringing aspects of these set-top boxes.  Pace lacks a justifiable belief that it does not infringe the '295 patent, or that the '295 patent is invalid, and has acted with objective recklessness in its infringing activity.

62.     Pace's acts of infringement have caused Sony to sustain monetary damage, loss and injury, in an amount to be determined at trial.

63.     Pace's acts of infringement, unless enjoined by this Court, will continue to cause Sony to sustain irreparable damage, loss and injury, for which Sony has no adequate remedy at law.

**COUNT VI**

**PATENT INFRINGEMENT**
**(Infringement of the '898 Patent)**

64.     Sony repeats and realleges the allegations of paragraphs 1 through 18 as if set forth herein.

65.     Pace has directly infringed and continues to infringe one or more claims of the '898 patent by its manufacture, use, sale, importation, and/or offer for sale of certain set-top boxes, including but not limited to HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(a).

66.     Pace has induced, and is inducing, the direct infringement of one or more claims of the '898 patent by selling, providing support for, and/or providing instructions for the intended use of at least set-top boxes HR34-700 and RNG-200N in violation of 35 U.S.C. § 271(b).

67.     Pace specifically intends third parties to infringe the '898 patent, or alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.  For example, Pace induces infringement by continuing to disseminate products with the infringing functions, and by providing instructions to show its direct and indirect customers how to use its

set-top boxes in an infringing matter, and producing or disseminating promotional and marketing materials, supporting materials, and technical information related to its set-top boxes. For example, Pace's actions that actively induce customers to directly infringe the '898 patent include selling its set-top boxes, providing user manuals regarding the use of its set-top boxes, and providing technical support regarding the use of its set-top boxes, where the use of its set-top boxes during normal operation by Pace's direct and indirect customers infringes the '898 patent, at least by executing an authentication procedure over a data bus for transmitting an encrypted signal.

68.     Pace has contributorily infringed, and is contributorily infringing, one or more claims of the '898 patent by selling at least set-top boxes HR34-700 and RNG-200N to third parties and their customers in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). For example, Pace's set-top boxes constitute a material part of the claimed invention at least because they contain all of the components that allow them to execute an authentication procedure over a data bus for transmitting an encrypted signal. Pace's set-top boxes were made or especially adapted for use in an infringement of the '898 patent and have no substantial non-infringing uses at least because they contain components that allow them to execute an authentication procedure over a data bus for transmitting an encrypted signal. The use of Pace's set-top boxes by its direct and indirect customers during normal operation directly infringes the '898 patent.

69.     Pace is aware of the '898 patent and Sony's infringement allegations. For example, by a letter dated June 5, 2012, Sony notified Pace of the '898 patent and Pace's

infringement of that patent.  On or about July 26, 2012, Sony provided to Pace a detailed claim

chart setting forth specifically how Pace's products meet the limitations of certain claims of the

'898 patent.

70.     Since at least as early as June 5, 2012, Pace's infringement has been willful

pursuant to 35 U.S.C. § 284.  Despite Pace's knowledge of and notice of the '898 patent and its

infringement, Pace has continued to manufacture, use, sell, offer for sale, and/or import set-top

boxes that infringe the '898 patent, and has continued to produce and disseminate promotional

and marketing materials, supporting materials, instructions, and/or technical information related

to the infringing aspects of these set-top boxes.  Pace lacks a justifiable belief that it does not

infringe the '898 patent, or that the '898 patent is invalid, and has acted with objective

recklessness in its infringing activity.

71.     Pace's acts of infringement have caused Sony to sustain monetary damage, loss

and injury, in an amount to be determined at trial.

72.     Pace's acts of infringement, unless enjoined by this Court, will continue to cause

Sony to sustain irreparable damage, loss and injury, for which Sony has no adequate remedy at

law.

## PRAYER FOR RELIEF

WHEREFORE, Sony Corporation demands judgment against Defendants Pace Americas

LLC and Pace plc

A.     A judgment that Pace has infringed one or more claims of each of Sony's asserted

patents.

B.      A permanent injunction against Pace and each of its affiliates, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it who receive actual notice of the Order, by personal service or otherwise:

1.      Restraining and enjoining Pace from further acts of infringement of Sony's asserted patents.

2.      Restraining and enjoining Pace from violating 35 U.S.C. § 271.

C.      For an award of Pace's profits or other advantages and Sony's damages resulting from Pace's unlawful acts set forth herein, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof.

D.      For an award of treble damages, in an amount to be proven at the time of trial, pursuant to 35 U.S.C. § 284.

E.      For an award of exemplary and punitive damages and/or increased profits, in an amount to be proven at the time of trial.

F.      For an award of attorneys' fees and disbursements incurred by Sony in this action.

G.      For an award of costs of this action.

H.      That Sony be awarded such other and further relief as the Court may deem equitable and proper.

**<u>JURY DEMAND</u>**

Sony demands trial by jury.

Respectfully submitted,

OF COUNSEL:                              POTTER ANDERSON & CORROON LLP

John Flock
Joseph M. Mercadante               By:   _/s/ Richard L. Horwitz_____
KENYON & KENYON LLP                      Richard L. Horwitz (#2246)
1 Broadway                               David E. Moore (#3983)
New York, NY 10004-1007                  Stephanie E. O'Byrne (#4446)
Tel: (212) 425-7200                      Hercules Plaza, 6th Floor
                                         1313 N. Market Street
Paul T. Qualey                           Wilmington, DE 19801
KENYON & KENYON LLP                      Tel: (302) 984-6000
1500 K Street, NW                        rhorwitz@potteranderson.com
Washington, DC 20005-1257                dmoore@potteranderson.com
Tel: (202) 220-4200                      sobyrne@potteranderson.com

                                         *Attorneys for Plaintiff Sony Corporation*

Dated: April 1, 2015
1185566 / 42383